UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETAR LJEKOCEVIC and LJEZA
LJEKOCEVIC,

       Plaintiffs,                          CIVIL ACTION NO. 11-14403

      v.                                     DISTRICT JUDGE SEAN F. COX

CITIMORTGAGE and FEDERAL HOME      MAGISTRATE JUDGE MARK A. RANDON
LOAN MORTGAGE CORP.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 11)**

**I. INTRODUCTION**

This is a consumer lending action. Plaintiffs, Petar and Ljeza Ljekocevic, allege that the mortgage foreclosure of their home was rendered void because of foreclosure proceeding improprieties. Defendants CitiMortgage and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "Defendants") motion for summary judgment is pending (Dkt. 11). Judge Sean F. Cox referred the motion to this Magistrate Judge for a report and recommendation (Dkt. 13); oral argument was held on August 21, 2012. For the reasons indicated below, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

**II. BACKGROUND**

On January 12, 2004, Plaintiffs signed a mortgage and note in favor of ABN AMRO Mortgage Group, Inc. ("ABN AMRO") to secure a $243,700 loan to purchase a home in

Washington Township, Michigan (the "Property") (Dkt. 11; Mortgage, Ex. A; Note, Ex. B). Defendant CitiMortgage is the successor in interest to ABN AMRO (Dkt. 1; Compl. ¶ 22); (Dkt. 11, Ex. C).

Unable to make the payments as they became due, Plaintiffs defaulted on the loan and requested CitiMortgage's assistance to bring the loan current. CitiMortgage offered Plaintiffs a Special Forbearance Plan Agreement (the "Forbearance") (Dkt. 11, Ex. D). Plaintiffs were required to sign the Forbearance and remit a down payment by January 27, 2011. *Id.* The Forbearance explicitly provided that Plaintiffs' failure to timely sign and provide their first payment would result in the Forbearance being considered "null and void" and the resumption of foreclosure activity *Id.* Plaintiffs did not sign the Forbearance or provide the first required payment (Dkt. 11, Ex. E).

Plaintiffs' loan was referred for foreclosure-by-advertisement; a Sheriff's sale was scheduled for December 10, 2010. The sale was adjourned on a week-to-week basis until June 2, 2011, when the Sheriff's sale proceeded, and Defendant Freddie Mac purchased the Property through a "credit bid"[1] (Dkt. 11, Ex. F); (Dkt. 11, Ex. G). Plaintiffs claim an attorney with the law firm of Trott & Trott promised them an additional one week adjournment – to June 9, 2011 – but that Defendants wrongfully proceeded with the Sheriff's' sale on June 2, 2011 (Dkt. 17; Ex. 1). Plaintiffs claim they could have filed a Chapter 13 bankruptcy before June 9, 2011, and that

---

[1] "The ability to credit-bid helps to protect a creditor against the risk that its collateral will be sold at a depressed price. It enables the creditor to purchase the collateral for what it considers the fair market price (up to the amount of its security interest) without committing additional cash to protect the loan." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, ___ U.S. ___, 132 S.Ct. 2065, 2070 n. 4 (2012).

Defendants committed fraud by not honoring the oral promise to adjourn the Sheriff's sale for an additional week. *Id.*

The statutory six-month redemption period expired on December 2, 2011. (Ex. G). Plaintiffs did not redeem the Property; instead, they filed this case on October 6, 2011 (Dkt. 1).

Plaintiffs' Complaint contains six counts: (1) wrongful foreclosure in violation of Mich. Comp. Laws § 600.3204(1)(D); (2) conversion; (3) breach of contract; (4) fraud and misrepresentation; (5) quiet title; (6) unjust enrichment; and (7) violation of due process under the 5th Amendment to the United States Constitution. Distilled to its essence, Plaintiffs claim that: (i) there is no recorded assignment of the mortgage to CitiMortgage, therefore CitiMortgage was not entitled to foreclose; (ii) Freddie Mac was not the mortgagee, therefore Freddie Mac was not entitled to purchase the Property through a "credit bid" at the Sheriff's sale; and (iii) an attorney from Trott & Trott, P.C. – on behalf of CitiMortgage – orally promised to adjourn the Sheriff's sale to June 9, 2011, but the sale occurred on June 2, 2011.

### III.  ANALYSIS

#### A. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252.

### B. *Plaintiffs Did Not Respond To Defendants' Requests For Admission*

Defendants first contend that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to respond to Defendants' requests for admission, and therefore the requests are deemed admitted, pursuant to Fed. R. Civ. P. 36(a)(3). As a result, Defendants claim that, given Plaintiffs' admissions, there is no longer any genuine issue of material fact for trial. Defendants' argument is well-taken. With regard to requests for admission, Rule 36(a)(3) states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3). Moreover, "[u]nder Rule 36(b), a request for admissions which is not responded to within the applicable time period 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997). Pursuant to Rule 36(a) a party may seek to request an

admission even where the request is "dispositive of the entire case." *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979) (citations omitted). Thus, a party may seek summary judgment based upon requests for admission that have been deemed admitted. *See Turk v. CitiMortgage*, Case No. 05-70386, 2005 WL 2090888 at *3 (E.D. Mich. Aug. 29, 2005).

On May 2, 2012, Defendants served their First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission (Dkt. 11, Ex. H). Answers or objections to these discovery requests were due on or before June 4, 2012. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3); and 6(d). However, Plaintiffs never responded to Defendants' discovery requests, nor did they request additional time to respond from Defendants' counsel or the Court. Consequently, the following facts are deemed admitted:

1. The Sheriff's sale was proper.

2. The Sheriff's sale was properly adjourned until the June 2, 2011 sale date.

3. CitiMortgage offered Plaintiffs the Forbearance on or about February 3, 2011.

4. CitiMortgage advised Plaintiffs that if they did not sign or accept the Forbearance, the Mortgage would be foreclosed.

5. Plaintiffs did not sign or accept the Forbearance.

These admissions are fatal to Plaintiff's claims against Defendants, and Defendants are entitled to summary judgment based on these factual admissions alone.

### C. Plaintiffs' Claims Also Fail As A Matter Of Law And/Or There Is No Genuine Issue Of Material Fact For Trial

Even if Defendants' Requests for Admission were not deemed admitted, Plaintiffs' claims fail as a matter of law and/or because there is no genuine issue of material fact for trial.

As to Plaintiffs' argument concerning MERS[2], the Michigan Supreme Court held that MERS, acting as nominee of the lender, was authorized to foreclose by advertisement. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011). This reasoning has been extended to apply to assignees of MERS. *See Fortson v. Fed. Home Loan Mortg.*, No. 12–10043, 2012 WL 1183692 at *4 (E.D. Mich. Apr. 9, 2012) (holding that an assignment by MERS prior to a foreclosure sale by the assignee comports with the statute). Thus, Plaintiff cannot state a claim against Defendants based upon an assignment from MERS to Defendants.

Next, Plaintiffs claim that the foreclosure was improper because there was no recorded assignment between CitiMortgage and ABN AMRO. However, where a mortgage is transferred through merger, the surviving entity is not required to record the assignment to foreclose, because it has "stepped into the shoes" of the entity that held the mortgage before the merger. *See Sesi v. Federal Home Loan Mortg. Corp.*, No. 12–10608, 2012 WL 628858 *6 (E.D. Mich. Feb. 27, 2012) ("Mich. Comp. Laws § 600.3204(3) applies to 'assignments.' ... Because CitiMortgage stepped into the shoes of ABN AMRO without necessity of assignment, no recording of the mortgage interest was required and CitiMortgage had the right to initiate foreclosure under Mich. Comp. Laws § 600.3204."); *Meyer v. CitiMortgage, Inc.*, No. 11–13423, 2012 WL 511995 *2 (E.D. Mich. Feb. 16, 2012). Further, the Michigan Court of Appeals has directly addressed the issue of whether a surviving entity after a merger is required to record an assignment of mortgage to have statutory authority to foreclose. In *Winiemko v. GE Capital Mortg. Service, Inc.*, No. 177827, 1997 WL 33354482 (Mich. App. Jan. 17, 1997), the court

---

[2] Plaintiff alleges that "MERS does not possess the note and has no right to convey the note, [thus] it is impossible for Defendant to have received said note from MERS as alleged" (Dkt. 1, ¶ 42).

stated that a surviving entity after a merger "was not the assignee of [the] plaintiff's mortgage.... Accordingly, there was no assignment of plaintiff's mortgage" and the surviving entity did not violate Mich. Comp. Laws § 600.3204(3) by foreclosing without recording an assignment. *Id.* at *2. Plaintiffs do not dispute (indeed, they allege in the Complaint; Dkt. 1 ¶ 22) that CitiMortgage merged with, and is the successor to, ABN AMRO. As such, Plaintiffs cannot claim that the foreclosure was improper because there was no recorded assignment of the Mortgage from ABN AMRO to CitiMortgage.

     Plaintiffs' claim that Freddie Mac was not entitled to purchase the Property at the Sheriff's sale through a "credit bid" also fails. Defendants contend that Freddie Mac owned an interest in the indebtedness through the Mortgage (Dkt. 11 at 14); Plaintiffs do not contest the fact that Freddie Mac owned an interest in the indebtedness, rather Plaintiffs merely claim that Freddie Mac is neither the mortgagee nor an assignee of record (Dkt. 17 at 19). Furthermore, Plaintiffs have not cited any case law indicating that there was something improper with Freddie Mac's purchase via a credit bid, nor is this Magistrate Judge aware of any such cases. Instead, Michigan law holds that creditors are entitled to purchase foreclosed properties through credit bids. *See Griffin v. Union Guardian Trust Co.*, 261 Mich. 67, 69 (1933) (tendering money at sheriff's sale is not required when the bidder at foreclosure sale bids the amount of the indebtedness because paying money to itself would be an "idle gesture" and failure to do so did not invalidate the sale); *New Freedom Mortg. Corp. v. Globe Mortg. Corp*., 281 Mich. App. 63 (2008) ("When a lender bids at a foreclosure sale, it is not required to pay cash, but rather is permitted to make a credit bid because any cash tendered would be returned to it."); *Feldman v. Equitable Trust Co.,* 278 Mich. 619 (1937) (same); *see also Yousif v. Chase Home Finance,*

*LLC*, No. 11-11194 (E.D. Mich. Sept 11, 2011) (Dkt. 22 at footnote 1; the plaintiffs withdrew a similar claim against Freddie Mac in response to the defendants' motion for summary judgment).

Furthermore, Plaintiffs' due process claim against Freddie Mac fails, since it is derivative of Plaintiffs' wrongful foreclosure claim, and Freddie Mac is a private corporation – not a government actor – for constitutional purposes. *See Humphreys v. Nager*, 962 F.Supp. 347, 351 (E.D.N.Y.1997) ("[p]rivate parties like Freddie Mac are generally not liable to suit under § 1983 as they are not state actors."); *American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996).

Next, Plaintiffs allege that, "the sale was adjourned for more than a week without proper notice." (Dkt. 1, Compl. ¶ 53). But, the public records indicate otherwise. CitiMortgage adjourned the foreclosure sale from week to week from December 10, 2010, the original sale date, to June 2, 2011, the actual sale date. Mich. Comp. Laws § 600.3220, which governs foreclosure sale adjournments, provides in relevant part:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published....

The foreclosure sale was properly adjourned from week to week, based on the language of the above statute (Dkt. 11; Adjournments, Ex. F).

Finally, Plaintiffs claim they were defrauded by Defendants based upon an oral statement from an attorney with Trott & Trott, P.C. that the Sheriff's sale would be adjourned for an

additional week, to June 9, 2011.  This claim fails by operation of Michigan's statute of frauds for financial institutions, which states:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) *A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan*, extension of credit, or other financial accommodation.
>
> (c) *A promise or commitment to waive a provision of a loan*, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2) (emphasis added).  The Michigan Court of Appeals has reviewed Mich. Comp. Laws § 566.132(2), and held that any agreements to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the financial institution.  *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 549 (2000).  *Crown* further held that Mich. Comp. Laws § 566.132(2) precludes *any* claim, "no matter its label," to enforce a financial institution's alleged promise to waive a loan provision.  *Id*. at 550.

As such, any purported oral promises made by an attorney Trott & Trott, P.C., on behalf of CitiMortgage, cannot be enforced because they were not reduced to writing and signed by a CitiMortgage representative. *See also, Barter v. U.S. Bank, N.A*, No. 10-11476, 2011 WL 124502 *4 (E.D. Mich. Jan. 13, 2011); *Wier v. Countrywide Bank, N.A.*, No. 10-11468, 2011 WL 1256944 *5 (E.D. Mich. March 31, 2011); *Rea v. Wells Fargo Home Mortg., Inc*., No. 09-12611,

2009 WL 2750935 *8 (E.D. Mich. Aug. 25, 2009) (all holding that the plaintiffs' mortgage foreclosure related claims against financial institutions were barred by the statute of frauds, where the plaintiffs' claims were based on oral promises, which were not reduced to writing). Plaintiffs have not alleged that a written agreement to adjourn the Sheriff's sale to June 9, 2012 exists.³ Therefore, Plaintiffs cannot state a claim against Defendants based on an alleged oral representation to adjourn the Sheriff's sale an additional week, to June 9, 2011.

### IV.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiffs' lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

³ It instead appears that the only written agreement from CitiMortgage to halt or delay foreclosure proceedings was the Forbearance (Dkt. 11, Ex. D).  However, Plaintiffs were required to sign the Forbearance and remit a down payment by January 27, 2011 to accept that agreement, which they did not do. *Id.*

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: September 25, 2012

### Certificate of Service

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 25, 2012, by electronic and/or first class U.S. mail.

<i>s/Melody Miles<br>
Case Manager to<br>
Magistrate Judge Mark A. Randon<br>
(313) 234-5540</i>